IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRON TANKSLEY | § | |
| (TDCJ No. 1002421), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-309-N-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Myron Tanksley, a Texas prisoner, has initiated this *pro se* action on the form petition for a writ of habeas corpus by a person in state custody. *See* Dkt. No. 3. Tanksley insists, however, that he is "not filing a second or successive petition" but is instead "request[ing] an evidentiary hearing in federal proceedings." *Id.* at 8.

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The undersigned enters these findings of fact, conclusions of law, and recommendation that Tanksley's request, construed as a motion under Federal Rule of Civil Procedure 60(b), should be denied.

---

[1] Although the State of Texas has been named as the respondent in the petition, as the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division, Lorie Davis is "automatically substituted as" the respondent. FED. R. CIV. P. 25(d). The Clerk is DIRECTED to correct the docket accordingly.

## Applicable Background

The lengthy background of Tanksley's criminal and postconviction actions, up to that point, was set out when another judge of this Court last addressed a habeas application filed by Tanksley:

> Petitioner was convicted of aggravated robbery and sentenced to 40 years' imprisonment. *State v. Tanksley*, No. F-9955168 (203rd Judicial District Court, Dallas County, 2000), *aff'd*, *Tanksley v. State*, No. 05-00-01429-CR (Tex. App. – Dallas, 2001, pet. ref'd). Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *Ex parte Tanksley*, WR-37,743-02 (Tex. Crim. App. Sept. 11, 2002) (denying state application); *Ex parte Tanksley*, WR-37,743-05 (Tex. Crim. App. Jan. 16, 2008) (dismissing state application as not compliant with state procedure); *Ex parte Tanksley*, WR-37,743-03, -04,- 06,- 09 (Tex. Crim. App.2003, 2004, 2008, 2012) (dismissing state applications as abusive of writ); *Tanksley v. Cockrell*, No. 3:02-CV-2348-D (N.D. Tex. Feb. 11, 2003) (dismissing federal petition as unexhausted); *Tanksley v. Dretke*, No. 03-CV-2567-D (N.D. June 3, 2004) (denying federal petition on its merits); *Tanksley v. Dretke*, No. 3:04-CV-1760-P (N.D. Tex. Dec. 10, 2004) (dismissing federal petition for failure to prosecute); *Tanksley v. Thaler*, No. 3:12-CV-4145-K-BH (N.D. Tex. Nov. 27, 2012) (transferring successive federal petition to the court of appeals); *In re Tanksley*, No. 12-1190 (5th Cir. Feb. 14, 2013) (denying leave to file successive application).

*Tanksley v. Stephens*, No. 3:13-cv-2731-B-BK, 2013 WL 5178187, at *1-*2 (N.D. Tex. Mar. 23, 2012) (in which Tanksley sought "to contest his conviction for aggravated robbery" and asserted that "the state court abused its discretion in issuing a 'blanket denial,' and in denying him an evidentiary hearing and discovery," and the Court, construing the petition as successive, transferred it to the United States Court of Appeals for the Fifth Circuit).

## Legal Standards and Analysis

"When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion 'should be treated

as a second or successive habeas petition [or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *see In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *see also Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

A claim that, in a previous Section 2254 proceeding concerning the same state

conviction and sentence, the federal district court failed to develop the record through an evidentiary hearing can be construed as asserting a procedural error. *See, e.g.,* *Pursley*, 287 F. App'x at 653 ("In his Rule 60(b) motion, Mr. Pursley contends that during his initial habeas proceedings, the district court did not properly address his request to develop a factual record. To the extent that Mr. Pursley is claiming a procedural error by the district court, this claim is a 'true' Rule 60(b) issue, and should be brought as such." (citing *Gonzalez*, 545 U.S. at 532)); *Taylor v. Wetzel*, No. 4:CV-04-553, 2014 WL 5242076, at *6-*7 (M.D. Pa. Oct. 15, 2014) (accepting petitioner's unopposed "argument that 'failure to develop' under [28 U.S.C.] § 2254(e)(2) is a procedural ground 'very similar' to a procedural default ruling, thereby permitting [him] to proceed under [a] Rule 60(b) motion" (emphasis omitted)).

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* FED. R. CIV. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* 60(b)(1)-(6).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Tanksley] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool*

*Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)). Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). And Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (internal quotations and alterations omitted); *see also Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) ("[T]he Rule's catchall category, subdivision (b)(6), which permits a court to reopen a judgment for 'any other reason that justifies relief[,]'" "'is available only in 'extraordinary circumstances.' In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" (citations omitted)).

Considering Tanksley's petition and brief, the undersigned finds that he has not established one of the requirements of Rule 60(b) as to his claim that the Court committed procedural error by denying an evidentiary hearing.

In a Section 2254 habeas action, a federal court cannot expand the record on a claim adjudicated on the merits in state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). That is, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. Because Section 2254 "requires an examination of the state-court decision at the time it was made," the Supreme Court of the United States has held that "the record under review is limited to the record in existence at that same time i.e., the record before the state

-5-

court." *Id.* at 182.

Section 2254(d)(1) therefore "bars a district court from conducting [ ] an evidentiary hearing" when the Court is adjudicating claims in a habeas petition under that provision. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (finding that a district court erred by relying on evidence obtained from a hearing conducted under 28 U.S.C. § 2254(e)(2) "to conclude that the state habeas court had unreasonably applied *Strickland*" and that the petitioner must instead "overcome the limitation of § 2254(d)(1) on the record that was before the state court" (quoting *Pinholster*, 563 U.S. at 185)).

While, in rare cases, an evidentiary hearing may be held under Section 2254(e)(2) – generally only if a petitioner diligently developed the basis of a claim in state court – "'the district court retains discretion over the decision to grant an evidentiary hearing once a petitioner overcomes the barriers presented by § 2254(e)(2)'" and "may impose other requirements in addition to the ones set forth in Section 2254(e)(2)," such as refusing "an evidentiary hearing where there is no 'factual dispute which, if resolved in [the petitioner's] favor, would entitle him to relief.'" *Carlisle v. Normand*, Civ. A. No. 16-838, 2016 WL 8309772, at *10 (E.D. La. June 3, 2016) (quoting *Clark v. Johnson*, 202 F.3d 760, 765, 766 (5th Cir. 2000)), *rec. adopted*, 2017 WL 699787 (E.D. La. Feb. 22, 2017); *cf. Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013) ("We hold that *Pinholster*'s restriction does not bar the federal evidentiary hearing conducted in this case because the district court first concluded, solely on the basis of the state court record, that the state courts committed legal error, as required under 28 U.S.C. § 2254(d)(1), through the state courts's 'unreasonable application of,

-6-

clearly established Federal law.' Thus, the evidentiary hearing was committed to the district court's discretion, subject to section 2254(e)(2).");  *Hoffman v. Cain*, 752 F.3d 430, 438 (5th Cir. 2014) ("Even assuming that a petitioner clears [the Section 2254(e)(2)] hurdles," the Court of Appeals reviews "the district court's denial of an evidentiary hearing for an abuse of discretion." (collecting cases)).

Alternatively, to the extent that Tanksley's application is substantive and therefore a successive petition, denial of it does not prejudice his ability to seek leave from the Fifth Circuit to file a successive habeas petition, as this Court is without jurisdiction to grant that leave or consider the substance of a successive petition absent authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b); *see, e.g., Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

## Recommendation

The Court should construe Petitioner Myron Tanksley's "request for an evidentiary hearing in federal proceedings," Dkt. No. 3 at 8, as a motion under Federal Rule of Civil Procedure 60(b) and deny that motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: February 8, 2018

                                   _____

                                   DAVID L. HORAN
                                   UNITED STATES MAGISTRATE JUDGE